IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

TIARRENCE GRAYSON,

    Plaintiff,

v.                                                 Case No.

TRANSWORLD SYSTEMS INC.,

    Defendant.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW**, Plaintiff, **TIARRENCE GRAYSON** ("Mr. Grayson" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **TRANSWORLD SYSTEMS INC.** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1. This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Mr. Grayson, his attorney, or a consumer reporting agency without prior consent of Mr. Grayson given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

## *Jurisdiction and Venue*

2.  This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.  Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.  Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.  Venue is proper in Hillsborough County, Florida, where Defendant has physical locations in Hillsborough County, Florida.

6.  Venue is proper in Hillsborough County, Florida, where this tortious cause of action accrued in Hillsborough County.

7.  Venue is also proper in Hillsborough County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

## *Parties*

8.  Plaintiff, Mr. Grayson, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9.  At all times material hereto, Defendant was and is a business with its principal place of business in the state of PA, and its registered agent, CT CORPORATION SYSTEM, located at 1200 S. Pine Island Road, Plantation, FL 33324.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12. Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

### *Statements of Fact*

13. Mr. Grayson opened an account with ADT Security Services for personal or household use that was assigned a unique account number ending 9745 ("Account").

14. Sometime thereafter, Mr. Grayson encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15. Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16. The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17. Mr. Grayson never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18. At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19. At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20. Despite Defendant failing to have Mr. Grayson's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third-party vendors.

21. As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third-party vendor.

22. The information conveyed by Defendant to its third-party vendor included Mr. Grayson's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Mr. Grayson allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Mr. Grayson.

23. Defendant also conveyed that it was a debt collector attempting to collect a debt from Mr. Grayson to its third-party vendor(s).

24. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided risk assessments with respect to Mr. Grayson and the Account.

25. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided various scrubbing services with respect to Mr. Grayson and the Account.

26. Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Mr. Grayson.

27. The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Mr. Grayson.

28. For example, on or around October 25, 2021, Defendant used a third-party vendor to send a letter directly to Mr. Grayson in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29. Defendant's October 25, 2021 letter was addressed directly to Mr. Grayson, demanded a total amount due of $1,361.57, offered several payment options, and represented that Defendant's October 25, 2021 letter was "an attempt to collect a debt. Any information obtained will be used for that purpose." *See* **Exhibit A.**

30. All of Defendant's letters to Mr. Grayson were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31. Mr. Grayson re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32. Mr. Grayson is a "consumer" within the meaning of the FDCPA.

33. The subject debt is a "consumer debt" within the meaning of the FDCPA.

34. Defendant is a "debt collector" within the meaning of the FDCPA.

35. Defendant's communication of information in connection with the collection of the Debt to the subject third-party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Grayson, his attorney, or a consumer reporting agency without the prior consent of Mr. Grayson given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37. As a result of the above violations of the FDCPA, Mr. Grayson has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

38. Defendant's actions have damaged Mr. Grayson by causing him stress.

39. Defendant's actions have damaged Mr. Grayson by causing him anxiety.

40. Defendant's actions have damaged Mr. Graysonby being an annoyance.

41. Defendant's actions have damaged Mr. Grayson by causing him aggravation.

42. It has been necessary for Mr. Grayson to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, **TIARRENCE GRAYSON**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 30, 2022**,

> /s/ Kaelyn Diamond
> Kaelyn Diamond, Esq.
> Florida Bar No. 125132
> kaelyn@attorneydebtfighters.com
> service@attorneydebtfighters.com
> Ziegler Diamond Law: Debt Fighters
> 2561 Nursery Road, Suite A
> Clearwater, FL 33764
> (p) (727) 538-4188
> (f) (727) 362-4778
> Counsel for Plaintiff

# EXHIBIT A

Return Mail Only
PO Box 15417
Dept 940
Wilmington, DE 19850-5417
940 1182 TSM

Calls to or from this company may be monitored
or recorded.

TEARSENIA GRAYSON



We at Transworld Systems Inc. are committed to working with you in order to help resolve this issue. Please see several options outlined below. We offer you and we hope that one of them will meet your needs:

- Option 1 - Make 6 consecutive monthly payments. First payment of $226.93 and then $226.93 each for the next 5 months and pay your account in full.

- Option 2 - Make 4 consecutive monthly payments. First payment of $453.85 and then $453.85 for each of the next 2 months and pay your account in full.

- Option 3 - Make 1 equal consecutive monthly payment of $226.93 to resolve your account and save $680.79.

Let us prove to you how committed we are to accommodating your needs. Please contact one of our representatives at the number listed above to confirm which option works best for you and we'll update your account accordingly.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Wednesday 7:00am to 7:00pm CST, Thursday 7:00am to 9:00pm CST, Friday 7:00am to 6:00pm CST, Saturday 8:00am to 12:00pm CST.

To accept [illegible] see reverse side for details. Your unique registration code is 8412756416.

This [illegible] may expire without notice thereafter. If the 10 day period has expired before [illegible] that this offer has not expired. We are not obligated to renew this offer.



tsi

TSI Physical Address
Transworld Systems Inc.
500 Virginia Dr Suite 514
Ft Washington PA 19034
[illegible]



Date: October 25, 2021
Our Account #: ****7583
Creditor: ADT SECURITY SERVICES
Creditor's Account #: ****[illegible]
Balance Due: $1361.57

VISIT US ONLINE!
https://payments.tsico.com
Your registration code: 8412756416